COVINGTON MUTUAL INSURANCE COMPANY, Appellant,

v.

Doris HURST; Kentucky Farm Bureau Mutual Insurance Company; and William Clem, Appellees.

Court of Appeals of Kentucky.

Jan. 21, 1983.

Discretionary Review Denied Oct. 5, 1983.

Thomas M. Cooper, Landrum, Patterson & Dickey, Lexington, for appellant.

Robert J. McDaniel, Paris, for Doris Hurst.

James E. Prater, Paris, for Ky. Farm Bureau Mut. Ins. Co.

Before HOWARD, McDONALD and REYNOLDS, JJ.

HOWARD, Judge.

This is an automobile accident case where the trial court ruled that the appellant, the basic reparations obligor on the truck involved, was liable for a passenger's personal injury protection payments.

Appellant refused to pay the personal injury protection payments (PIP) on the grounds that the driver of the truck, appellee William Clem, did not have permission of the truck's owner to drive the vehicle at the time and place of the accident. Pursuant to the provisions of K.R.S. 304.39–160, payment was made to Doris Hurst, the passenger, by Farm Bureau Mutual Insurance Company under the assigned claims plan made and provided for by the provisions of this statute. Pursuant to the terms thereof, Farm Bureau was subrogated in the amount of $10,000.00 for monies it paid to Doris Hurst and received judgment in that amount from the trial court. Hence, this appeal.

The appellee, Clem, was an employee of B & L Dozing and Hauling Co., owned by James Barker and Earl Lanham. On October 15, 1978, Clem went to a service station in Paris to pick up the truck he customarily drove. The truck had been left there by Clem for cleaning and servicing. The evidence indicates that Clem and the other drivers kept the B & L trucks at home, each having possession of the keys. Clem took the truck and picked up his girl friend, appellee Doris Hurst, for a trip to a rural community approximately twelve miles away. He was supposed to pick up a refrigerator at the home of a man named Collins, but apparently the refrigerator had already been moved. On the return trip, Clem ran off the road, severely injuring Hurst. There was some evidence that Clem drank one or two beers prior to the accident.

The appellant cites evidence in the record which indicates that Clem did not have express permission to drive the B & L truck on the day of the accident. However, there was ample evidence to indicate that Clem had implied permission to drive the truck at any time. All of these conflicting pieces of evidence were submitted to the jury by a correct instruction and the jury found that Clem had consent from B & L. We will not disturb this verdict since it was supported by the evidence.

It is argued by appellant that K.R.S. 304.39–190 precludes recovery. This statute provides that a person who converts a motor vehicle is disqualified from basic or added benefits, etc. However, it further provides that a person is not a converter if he uses the motor vehicle in the good faith and belief that he is entitled to do so. There was evidence, as has been stated heretofore, to indicate that Clem thought he had permission to drive the truck any time, including the date of the accident.

Appellant points to the fact that one of the partners had allegedly fired Clem for drinking. This assertion was denied by Clem and it must be observed that he still retained the keys to the truck and that B & L knew of his drinking habits before the accident. Clem pled guilty to a charge of taking a vehicle without permission but explained that this plea was the result of a plea bargaining situation and on the advice of a court-appointed attorney. He maintained that he was still an employee and that he had permission to drive the truck. The jury obviously believed Clem.

Argument is made by the appellant that even if Clem had permission to use the truck, a material deviation was involved. However, no instruction was offered embodying this concept. Therefore, it has not been preserved for appellate review. CR 51(3). It would seem that it would be improper for a court to state that there was a material deviation as a matter of law in this case because of the sharp conflict in the evidence. If anything, the ruling would be in favor of Clem, as a matter of law, since both of the truck owners admitted that Clem was never told of any restrictions on the use of the truck. The learned trial judge noted that Barker and Lanham ran a "loose" business in regard to their trucks in that the employees could use the trucks whenever they pleased and were not required to ask anyone for permission to do so. As a consequence, their insurer is liable for the PIP benefits herein.

The parties have cited authorities to support their positions while admitting that there are no authorities in this jurisdiction that are in point since this is a case of first impression in Kentucky. Because of this we have cited none of these cases in our opinion but we have noted them.

The judgment of the trial court is affirmed.

All concur.